STATE ex Rel. MILLER, Relator, v. INDUSTRIAL ACCI-
DENT BOARD et al., Respondents.

(No. 7,547.)

(Submitted March 16, 1936.   Decided April 11, 1936.)

[56 Pac. (2d) 1087.]

*Mr. Lawrence E. Gaughan, Mr. H. C. Crippen* and *Mr. H. C. Crippen, Jr.,* for Relator, submitted an original and a supplemental brief; *Mr. H. C. Crippen, Jr.,* argued the cause orally.

*Mr. Raymond T. Nagle,* Attorney General, *Mr. Oscar A. Provost,* Assistant Attorney General, and *Mr. E. G. Toomey,* for Respondents, submitted a brief; *Mr. Toomey* argued the cause orally.

MR. JUSTICE MORRIS delivered the opinion of the court.

January 7, 1936, this court rendered its opinion in case No. 7465, *Albert Miller* v. *Aetna Life Ins. Co.* (101 Mont. 212, 53 Pac. (2d) 704.) The case came here from the district court of Yellowstone county. That court sustained the Industrial Accident Board denying Miller's claims for compensation. This court reversed the district court and the Industrial Accident Board, and remanded the cause to the district court with instructions on January 22d. Thereafter Judge Robert C. Stong, in the absence of Judge Goddard, who tried the case originally in the district court, made, entered and served on respondents an order as follows:

"Pursuant to the opinion of the Supreme Court of the State of Montana, decided on the 7th day of January, 1936, in the above-entitled action and the remittitur issued by said Court in said cause, of date January 22nd, 1936, you are hereby commanded to allow to the claimant, Albert Miller, compensation in the sum of two thousand seven hundred eighty-six and 66/100 Dollars ($2786.66), being accrued weekly payments from January 1st, 1932, until the 7th day of January, 1936, with interest on said accrued payments in the sum of three hundred thirty-five and 97/100 Dollars ($335.97), together with claimant's costs in this action in the sum of one hundred forty-four and 20/100 Dollars ($144.20), and the further sum of thirteen and 33/100 Dollars ($13.33) weekly to be paid from the 7th day of January, 1936, so long as the said Albert Miller

shall remain totally disabled, not, however, to exceed five hundred (500) weeks from January 1st, 1932.

"Dated this 24th day of January, 1936.

"Robert C. Stong,
"Judge."

The clerk of this court mailed the remittitur with the opinion of the court to H. C. Crippen, attorney for the plaintiff, at Mr. Crippen's request; but it appears that when Judge Stong made the above order he had only the remittitur before him but later received the opinion of this court, and thereafter Judge Stong made, entered and served the following order revoking the order made on January 24:

"The District Court of the Thirteenth Judicial District of the State of Montana, in and for the County of Yellowstone:

"To the Industrial Accident Board of the State of Montana and to J. Burke Clements, its Chairman, Greeting:

"On January 24, 1936, this Court made its order in the above-entitled action, commanding the Industrial Accident Board to make certain specific allowances to the claimant. On January 29, 1936, at the suggestion of the defendant that the Court was without authority to make such an order, the Court thereupon made its order that whether or not the Court had authority to make such order should be heard by the Court on this date. Counsel for the respective parties having appeared, the matter has been argued and submitted to the Court.

"In looking over the files of the cause the Court finds that no finding has been made by the Industrial Accident Board or by this court, when the matter was first submitted to it, as to what injuries the claimant had sustained and the amount he should recover under the statute.

"The remittitur from the Supreme Court did not contain a copy of the opinion. The remittitur was filed with this Court on January 24, 1936. Upon examining the opinion we find this language in the opinion: 'The findings of the board and of the District Court are contrary to the preponderance of the evidence, and the judgment is therefore reversed and the

cause remanded to the District Court with instructions to remand the proceeding to the Industrial Accident Board for allowance of such compensation to plaintiff as is provided by statute.'

"The only question that this Court determined when the matter was submitted to it in 1934, was whether or not the employer was enrolled under the Compensation Act and this Court held adversely to the claimant, which action was reversed by the Supreme Court. Consequently, the only authority that the Court has in this case is to follow the mandate set forth in the opinion of the Supreme Court. Any action beyond that would be without jurisdiction.

"Therefore, the Court revokes its order of January 24, 1936, and now, pursuant to the commands set forth in the opinion of the Supreme Court, and the remittitur of said Court, this Court remands this cause and proceeding to the Industrial Accident Board with instructions to make allowance for such compensation to claimant as is provided by statute.

"Dated this 30th day of January, 1936.

"ROBERT C. STONG,
"District Judge."

On February 24 the defendant in the original action, Aetna Life Insurance. Company, through its attorney served a request "for an examination by a physician" upon Albert Miller, the claimant, and upon his counsel. Thereupon the chairman of the Industrial Accident Board, deeming it necessary to have a public hearing in the matter, set March 24, 1936, at 10 o'clock A. M. for such hearing to be held at the Northern Hotel at Billings, Montana, and served notice thereof on the interested parties. March 7, 1936, Albert Miller, through his attorneys, filed in this court an application for an alternative writ of mandate, praying that the Industrial Accident Board be commanded to compute and fix the compensation to which Albert Miller is by statute entitled, and to make and enter an order allowing such compensation to Albert Miller, or to show cause before this court why it had not done so. Thereupon the court directed the alternative writ issued, and the Industrial Acci-

dent Board and the members thereof were cited to appear in this court on the 16th day of March, 1936, to show cause why they should not comply with the alternative writ. On the date specified the case was duly heard by this court; arguments were made by respective counsel and briefs submitted. At the time of the hearing the Industrial Accident Board filed its answer and a motion to quash the alternative writ and dismiss the proceedings.

The functions to be performed by the Industrial Accident Board in compliance with the mandate set out in our opinion of January 7, 1936, in action 7465, are purely ministerial, and the contentions of counsel that the board cannot be compelled to act by writ of mandate for the reason that the board is vested with quasi-judicial powers have no application here. The board disavows any intention to willfully disregard the mandatory provisions of the court's decision, and the court appreciates the fact that the board might well be confused by the proceedings that followed after the remittitur went down. It must be kept in mind, however, that the board denied the claimant's compensation following the hearing of May, 1933, for the reason that claimant's employer had not complied with certain statutory provisions relative to enrolling with the board and filing an insurance policy with the board. The board did not deny claimant the relief demanded except on the two grounds mentioned. Claimant appealed to the district court and that court affirmed the ruling of the board in the two questions stated. Both these questions were determined in favor of the claimant on appeal here, and we also recounted in the opinion then rendered all the essential facts necessary to a complete adjustment of the controversy, and those facts were shown to be established by the record of the proceedings had at the board's hearing of May, 1933.

It is the intention of the Act (Rev. Codes 1921, sec. 2816 et seq. as amended) that compensation shall be allowed in meritorious cases without too much delay and expense to the workman. The evidence now before the board establishes claimant's right to compensation for total disability; it also

establishes the fact that the claimant has a wife and four minor children, and that he was receiving a weekly wage of $20 at the time he was injured. (Opinion No. 7465 giving the wage of $21 per week was error.) These are all the essentials necessary to fix the compensation to which claimant is entitled "as provided by statute," and the board, therefore, should have denied the request of the attorney for the defendant to hold any hearing prior to the entry of an order allowing compensation and fixing the amount. After carrying out the mandate of the court as contained in the opinion of January 7, 1936, the board may, of course, under its power of continuing jurisdiction and upon proper showing made by the defendant, reopen the case and allow defendant an opportunity to show that the total disability of the claimant has been alleviated, or that claimant's dependents have been reduced, but no such hearing, or any other hearing affecting the opinion of January 7, 1936, as rendered, may be held at this time.

The board will compute claimant's compensation as provided by section 2913, Revised Codes of 1921, as amended by Chapter 121, Laws of 1925, and as further amended by section 13 of Chapter 177, Laws of 1929, taking the facts as heretofore recounted as a basis.

Claimant is entitled to his costs in the former appeal and in this proceeding, if claimed. In the revoked order of the district court heretofore recited, that court allowed claimant interest on delayed payments. The record does not show that any such claim was made for interest in any pleading; the Act does not specifically provide for such interest payments, and the question has not been decided by this court, and this court under the established rule cannot decide any issue not presented by the pleadings.

Let a peremptory writ of mandate issue forthwith in conformity with this opinion.

ASSOCIATE JUSTICES MATTHEWS, STEWART and ANDERSON concur.

MR. CHIEF JUSTICE SANDS, Dissenting: I do not like to differ with my associates, as I am thoroughly in sympathy with the claimant and his family and feel relieved that this court is ordering the payment of the compensation at once. I cannot, however, violate my sense of duty to respect the equal rights of all litigants before this court.

At the hearing before both the Compensation Board and before the district court the defendant Aetna Insurance Company denied that there was any insurance policy in effect. The board and the district court both found that there was no insurance. No testimony relating to the question of liability and the amount thereof was offered, as it was unnecessary if no insurance. The situation was identical to a cause where a nonsuit is ordered at the close of plaintiff's case. In the case of a nonsuit no further testimony would be permitted. Perhaps the law should, to save time, be so amended that the testimony on the merits could be taken at the hearing, to be considered if the insurance policy was, on appeal, held to be in effect. We have no such law, and this court is not clothed with authority to make any law to that effect.

We cannot decide this case with the testimony of only one side before the court; neither can we order the district court or the board to make a finding in favor of claimant with only half the testimony before them. "Every man is entitled to his day in court." This universal rule works a hardship in this case, but it cannot be avoided unless we shut our eyes to the most fundamental and universally accepted principles of law.

It is four years since this man was injured and he is entitled to his compensation. He has been diligent in his efforts to get it. Perhaps his suffering and sacrifice will hasten a much-needed reformation of the Compensation Act, often erroneously called the "Poor Man's Court." If so, his sacrifice will not be in vain. Christ's crucifixion emphasized his character as no other circumstance could have done, all to the good of mankind.

I regret to dissent, but no other course is left me unless I wholly disregard my conception of the laws I was elected to uphold.

Rehearing denied April 22, 1936.